UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARK A. ODYNIEC,

                 Plaintiff,

v.

M&T BANK CORPORATION,

                 Defendant.

_____

1:23-CV-01035-JLS-MJR

REPORT AND
RECOMMENDATION

## INTRODUCTION

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) by the Honorable John L. Sinatra, Jr. for all pre-trial matters, including preparation of a report and recommendation on dispositive motions. Before the Court is a motion to dismiss Plaintiff Mark A. Odyniec's complaint brought by Defendant M&T Bank Corporation pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 6). For the reasons explained below, the Court recommends that the motion to dismiss be granted.

## PROCEDURAL HISTORY

Plaintiff Mark A. Odyniec commenced this *pro se* action by complaint filed in New York State Supreme Court, Erie County on August 30, 2023. (Dkt. No. 1-1). The action was removed to District Court by Defendant M&T Bank on September 29, 2023. (Dkt. No. 1). In his complaint, Plaintiff alleges common law breach of contract by his employer, M&T Bank. (Dkt. No. 1-1). Because the action seeks severance benefits from Defendant M&T Bank under the "People's Bank Change in Control Employee Severance Plan" (the "Plan"), a welfare plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), Defendant asserts that Plaintiff's breach of contract claim is preempted

by Section 502(a) of ERISA, 29 U.S.C. § 1132(a). (Dkt. No. 1, pg. 1). Defendant further asserts that this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

On October 6, 2023, Defendant filed the instant motion to dismiss. (Dkt. No. 6). Plaintiff did not file a response in opposition. By text order of November 28, 2023, the Court granted Plaintiff additional time to oppose dismissal, while warning Plaintiff that his failure to respond would result in the Court deciding the motion based only on Defendant's submissions. (Dkt. No. 10). Again, no response was filed. The Court now considers the motion submitted for report and recommendation.

## BACKGROUND[1]

Plaintiff is an employee of M&T Bank who stated an intent to resign his employment for cause following the April 2022 merger of M&T Bank with his previous employer, People's Bank. (Dkt. No. 1-1, ¶¶ 4, 6). Plaintiff seeks severance compensation under the "People's Bank Change in Control Employee Severance Plan" (the "Plan"), an employee benefits plan created "to provide specified benefits to certain employees […] whose employment [was] terminated in connection with or subsequent to a Change in Control of either People's Bank [] or its parent, People's United Financial, Inc." (*Id.*, ¶¶ 3, 6, 15; Plan, Art. 1 (Dkt. No. 6-3, pg. 2)).

On April 2, 2022, M&T Bank completed its acquisition of People's Bank, which constituted a change in control under the Plan. (Dkt. No. 1-1, ¶ 4). According to the Plan, an employee could terminate his or her own employment for "Good Reason" following a

---

[1] The facts in this section are taken from Plaintiff's complaint (Dkt. No. 1-1) and are assumed to be true for purposes of this motion. Additional facts are established by documents that are incorporated by reference or otherwise integral to the complaint, as explained below.

2

change in control of the company and within 60 days following the occurrence of one or more of the following events: "(a)(i) any reduction in the Employee's base salary; or (ii) change in the method of computation of commission and/or performance incentive compensation that would, if target goals were met, result in a reduction of more than 20% in the value of the Employee's commission and/or incentive performance compensation." (*Id.*, ¶ 3; Plan §§ 2.08, 3.01 (Dkt. No. 6-3)). If employment was terminated under these conditions, the Plan required the employer to pay cash severance compensation to the employee. (*Id.*).

On July 2, 2022, M&T Bank announced a change in the method of compensation of commissions and performance incentive compensation which Plaintiff alleges lowered his performance incentive compensation by 70.3% and lowered his commissions to zero dollars. (Dkt. No. 1-1, ¶ 5). On August 9, 2022, while still an employee of M&T Bank, Plaintiff submitted a letter titled "Notice of Termination" to M&T Bank, requesting that he be paid severance compensation (equal to 1.5 times his annual salary from the previous year) under the terms of the Plan. (*Id.*, ¶ 6). Plaintiff provided his "Notice of Termination" on the basis that his resignation constituted "Good Reason," as defined by the Plan, because there was a change in control of the company and there was or would be a reduction of more than 20% in the value of his performance incentive compensation. (*Id.*, ¶ 3, 5; Dkt. No. 6-7, pgs. 2-4). Plaintiff's notice specified certain terms and conditions upon which he would terminate his employment with M&T Bank at a later date. (*Id.*).

On November 9, 2022, Plaintiff received from M&T Bank a denial of his claim for benefits. (Dkt. No. 1-1, ¶ 7). The claim was denied on the basis that Plaintiff was still an employee of M&T Bank, whereas Sections 2.08 and 3.01 of the Severance Plan require

3

termination of employment before an employee may be entitled to a benefit under the Plan. (Dkt. No. 6-6). The claim was further denied on the ground that, even if Plaintiff had left his employment, he did not qualify for benefits because his compensation had not been reduced on an annual basis, as required to trigger the "Good Reason" provisions of the Plan. (*Id.*). Plaintiff alleges that "[a]lthough [his] termination was to be on a future agreed upon date, M&T Bank viewed the Plaintiff's lack of termination as creating a default of this contract." (Dkt. No. 1-1, ¶ 7).

On January 4, 2023, Plaintiff filed an appeal of the claim denial in which he reiterated his previous claims and added that for two fiscal quarters in a row M&T Bank had continued to be in breach in of the Plan by lowering incentives and commissions by more than 20%. (*Id.*, ¶ 10). On March 2, 2023, Plaintiff received a denial of his appeal. (*Id.*, ¶ 11). Following that appeal denial, Plaintiff filed this suit for monetary damages which alleges that M&T Bank is in breach of the Plan. (*Id.*, ¶¶ 15-17).

## DISCUSSION

### I. Motion to Dismiss Standard

In order to state a claim on which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). In reviewing a complaint in the context of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true all factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Specifically, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[] the

4

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Supreme Court has further instructed that "[d]etermining whether a complaint states a plausible claim for relief [...] requires the [...] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

Where, as here, the plaintiff is proceeding *pro se*, the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'") (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). That said, even a *pro se* complaint must be dismissed if it does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Although Plaintiff has not opposed the motion to dismiss, failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint. *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007). Although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint

5

is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal. *Id.*

Further, in deciding a motion to dismiss, the Court may consider: "(1) the facts alleged on the face of the complaint; (2) documents attached to the complaint as exhibits; (3) documents incorporated in the complaint by reference; and (4) matters of which the court may take judicial notice." *Lightner v. Wenderlich*, 271 F. Supp. 3d 445, 453 (W.D.N.Y. 2017). Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Chambers v. Time Warner*, 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). However, even if a document is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document and that there exists no material disputed issues of fact regarding the relevance of the document. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)).

Here, the Court has considered the Plan, the Plan's Claim and Appeal Procedures, Plaintiff's "Notice of Termination," the claim denial letter, the appeal letter, and the appeal denial letter as documents which are both incorporated by reference and integral to Plaintiff's complaint. The Plan, as well as each of the claim and appeal documents, are repeatedly referenced and relied on in the complaint. *See Zeuner v. SunTrust Bank*, 181 F. Supp. 3d 214, 219 (S.D.N.Y. 2016) (granting motion to dismiss

6

ERISA claim for benefits under severance plan after considering "Plan Terms, the Claim Denial Letters and the Appeal Denial Letters"). These documents were attached as exhibits to Defendant's motion to dismiss, (Dkt. Nos. 6-3 to 6-8), and Plaintiff has raised no dispute as to their authenticity or accuracy.

II. Application

First, the Court finds that Plaintiff's common-law breach of contract claim is expressly preempted under Section 514 of ERISA. *See* 29 U.S.C. § 1144(a) (expressly preempting "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [...]"). ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). A state law "'relates to' an employee benefit plan [...] if it has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990) (quoting Shaw, 463 U.S. at 96-97). "The ERISA preemption provisions are expansive, and therefore 'ERISA preemption is not limited to state laws that specifically affect employee benefit plans; it extends to state common-law contract and tort actions that relate to benefits as well." *DeMarle v. Videk*, 6:22-CV-06426, 2023 U.S. Dist. LEXIS 108486, at *21 n.3 (W.D.N.Y. June 20, 2023); *see Pirro v. Nat'l Grid*, 590 F. App'x 19, 22 (2d Cir. 2014) (summary order) (affirming Rule 12 dismissal because plaintiff's common law breach of contract claims related to defendants' administration of an employee benefit plan and, therefore, were preempted by ERISA § 514).

Here, Plaintiff's breach of contract claim is entirely premised on the wrongful denial of benefits under the People's Bank Change in Control Employee Severance Plan. The

7

Plan qualifies as an "employee benefit plan" under ERISA because its stated purpose is "to provide specified benefits to certain employees [...] whose employment is terminated in connection with or subsequent to a Change in Control" of People's Bank. (Plan, Art. 1 (Dkt. No. 6-3, pg. 2)).[2] Because the contract Plaintiff alleges was breached is an ERISA-governed employee benefits plan, Plaintiff's common law claim is preempted and subject to dismissal. *See Massimino v. Fid. Workplace Services*, 15-CV-01046, 2016 U.S. Dist. LEXIS 162568, at *5 (W.D.N.Y. Nov. 23, 2016), *aff'd* 697 F. Appx. 85 (2d Cir. 2017) (dismissing state common law breach of contract claims because "ERISA preempts those that seek 'to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA.'"); *Merkent v. SI Bank & Trust*, 05-CV-2449, 2006 U.S. Dist. LEXIS 16508, at *9-10 (E.D.N.Y. Apr. 5, 2006) ("There is no doubt that plaintiff's state contract law claim seeks to recover severance benefits that she believes are owed to her under the Plan. Accordingly, the claim is preempted by ERISA and must be dismissed."); *Cerasoli v. Xomed, Inc.*, 952 F. Supp. 152, 157 (W.D.N.Y. 1997) (dismissing common law breach of contract claim as preempted, explaining "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit"). Accordingly, the Court recommends that Plaintiff's sole cause of action for breach of contract be dismissed.

---

[2] Further supporting the finding that this is an ERISA-governed Plan is M&T Bank's own determination in response to Plaintiff's claim for severance benefits. (*See* Dkt. No. 6-5, pg. 10). Therein, the Committee tasked with administering the People's Bank Change in Control Employee Severance Plan advised that the Plan is governed by ERISA and explained that Plaintiff's claim had been reviewed in accordance with ERISA. (*Id.*). Additionally, Plaintiff's complaint itself alleges that Plaintiff sought and received assistance from the U.S. Department of Labor, Employee Benefits Security Administration regarding ERISA guidelines applicable to the Plan's appeal process. (Dkt. No. 1-1, ¶¶ 9, 12).

Moreover, if this Court were to construe Plaintiff's *pro se* complaint as having raised claims under ERISA, such claims fail as a matter law.³ Plaintiff is not entitled to benefits under the Plan because he has not alleged that his employment was ever terminated, either by him or by M&T Bank. As stated, the purpose of the Plan is to provide benefits to individuals whose employment is terminated. To that end, Section 3.01 of the Plan, titled "Payments and Benefits upon Termination," provides that an individual is entitled to severance pay only "[i]f the Employee's employment *is terminated* subsequent to a Change in Control of the Company by (i) the Employer for other than Cause, Disability, Retirement or the Employee's death or (ii) the Employee for Good Reason." *See* Plan § 3.01 (Dkt. No. 6-3, pg. 6) (emphasis added).

Despite the notice he submitted to M&T Bank in August 2022, Plaintiff did not resign his employment and was not terminated by Defendant. Although the Plan authorizes severance pay to certain individuals who choose to resign with "Good Reason," it is required under the Plan that the employee terminate his or her own employment. *See* Plan § 2.08 (Dkt. No. 6-3, pg. 5) (defining termination for "Good Reason" as "termination by the Employee following a Change in Control [...]"). Indeed, Plaintiff fails to allege that his employment with M&T Bank was ever terminated, nor that he stopped working for or getting paid by M&T Bank.⁴ Because Plaintiff has not alleged

---

³ ERISA Section 502(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary [...] to recover benefits due to him under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan." 28 U.S.C. § 1132(a)(1)(B).

⁴ Plaintiff also fails to allege that any termination of his employment occurred within sixty days of a qualifying event under the Plan. *See* Plan § 2.08 (Dkt. No. 6-3, pg. 5) (requiring that an employee who terminates his own employment for "Good Reason" must do so within sixty days of a change to his commissions or incentive or another qualifying event). Plaintiff alleges that a change to his incentive compensation was made on July 7, 2022, but he does not allege that he terminated his employment within sixty days of that event, or even within sixty days of the effective date of that change. For this

that termination of his employment actually occurred, he has not plausibly alleged that he is entitled to severance benefits under the Plan.

For these reasons, the Court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, it is recommended that Defendant's motion to dismiss be granted. (Dkt. No. 6).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

---

secondary reason, the Court finds that Plaintiff has not alleged facts which could satisfy the Plan's conditions regarding severance benefits.

Magistrate Judge in the first instance. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

SO ORDERED.

DATED:   April 24, 2024
         Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge